UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALDO O. C.,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, *et al.*,<br><br>Respondents. | Case No. 1:26-cv-02712-KES-FJS (HC)<br><br>(A-Number: 220-569-827)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br>(ECF No. 2)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT<br>(ECF No. 1)<br><br><u>FOURTEEN (14) DAY DEADLINE</u> |

Plaintiff Aldo O. C.[1] ("Petitioner") is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

I. <u>BACKGROUND</u>

On April 10, 2026, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking a determination that his detention is not justified because the government did not establish by clear and convincing evidence that Petitioner presents a risk of flight or

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only the first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

danger in light of available alternatives to detention and an order for his release, or an order directing Respondents to schedule a custody determination hearing. (ECF No. 1 at 17.)

On April 23, 2026, Respondents filed a response to the petition, arguing that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A).[2]

On August 19, 2026, Respondents filed a motion to dismiss the petition as moot. (ECF No. 9.) Respondents state that on August 11, 2026, during the pendency of this action, an immigration judge granted Petitioner bond and Petitioner was released. Respondents contend that because Petitioner has received a bond hearing and been released, the court should dismiss this case as moot. (*Id.*) Petitioner did not file an opposition. The motion to dismiss is deemed submitted. Local Rule 230(l).

## II. DISCUSSION

The case or controversy requirement of Article III of the Federal Constitution deprives the court of jurisdiction to hear moot cases. *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983); *N.A.A.C.P., Western Region v. City of Richmond*, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982). The court is "without power to decide questions that cannot affect the rights of the litigants before them." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (per curiam) (quoting *Aetna Life Ins. Co. v. Hayworth*, 300 U.S. 227, 240–41 (1937)).

The instant petition sought immediate release from indefinite detention, or a bond hearing. On August 11, 2026, an immigration judge granted Petitioner's release under a bond of $5,000.00, finding that Petitioner "does not pose a danger to the community and presents a manageable flight risk that can be mitigated through specific conditions." (ECF No. 9-1 at 1.) Petitioner was then released from immigration custody.[3] (ECF No. 9 at 1.)

---

[2] Since the filing of the response, the Ninth Circuit rejected that argument in *Rodriguez Vazquez v. Bostock*, --- F.4th ---, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026), and held that 8 U.S.C. § 1226(a) applies to noncitizens in petitioner's circumstances.

[3] A search of the U.S. Immigrations and Customs Enforcement Online Detainee Locator System using Petitioner's A-Number and country of origin returns no results. *See*

The gravamen of the relief Petitioner seeks—namely, release—has been obtained. Accordingly, the court finds that Petitioner's complaints have been addressed and the petition should be dismissed as moot. *See Abdala v. I.N.S.*, 488 F.3d 1061, 1065 (9th Cir. 2007) (citing *Riley v. INS*, 6310 F.3d 1253, 1256-57 (10th Cir. 2002), and *Sayyh v. Farquharson*, 382 F.3d 20, 22 n.1 (1st Cir. 2004)).

## III. ORDER AND RECOMMENDATION

Based on the foregoing, Petitioner's motion to appoint counsel, (ECF No. 2), is DENIED.

Furthermore, the court HEREBY RECOMMENDS as follows:

1. Respondents' motion to dismiss, (ECF No. 9), be granted; and
2. The petition for writ of habeas corpus, (ECF No. 1), be dismissed as moot.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). Within fourteen (14) days after being served with a copy of these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment.

IT IS SO ORDERED.

Dated: **September 16, 2026**

UNITED STATES MAGISTRATE JUDGE

---

https://locator.ice.gov/odls/#/search (last visited September 11, 2026).